IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM DYE,

    Petitioner,                                No. 2:12-cv-2201 KJM EFB P

    vs.

RON BARNES,

    Respondent.                              ORDER

                                    /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner sets forth three claims: 1) that the trial court violated his due process rights by failing to instruct on the lesser and included offense of voluntary manslaughter; 2) that the jury instruction on attempted murder violated his due process rights; and 3) that his counsel was ineffective. Dckt. No. 1. On January 8, 2013, respondent filed an answer to the petition. Dckt. No. 14. Therein, respondent argues, among other things, that petitioner's ineffective assistance of counsel claim is partially unexhausted. *Id*. at 22-23.

        On January 11, 2013, petitioner requested the court appoint counsel. Dckt. No. 15. In his request, petitioner alluded to the existence of documents that were wrongfully withheld by the prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner, however, does not allege these facts in his petition or assert a *Brady* claim. On January 31, 2012, the undersigned denied petitioner request for appointment of counsel.

1

1    Also on January 31, 2013, but after the court issued its order denying counsel, the court
2 received from petitioner a request for an extension of time to file a traverse along with a motion
3 to stay the proceedings. Dckt. Nos. 18, 19. In his motion to stay the proceeding, petitioner
4 concedes that his ineffective assistance of counsel claim is partially unexhausted. However, he
5 contends that he filed the instant petition as a protective petition pursuant to *Pace v.*
6 *DiGuglielmo*, 544 U.S. 408 (2005). Specifically, he contends he needs more time to gather
7 evidence related to the *Brady* claim and he needs the assistance of counsel because, as a pro se
8 litigant who is not on death row, he is unable to obtain certain documents and information
9 without an attorney. Dckt. No. 15 at 1, 2.

10    On February 19, 2013, the undersigned ordered respondent to file, within 30 days, an
11 opposition or statement of non-opposition to petitioner's motion to stay. Dckt. No. 20.
12 Respondent has not yet filed a response to petitioner's motion to stay.

13    On February 25, 2013, petitioner filed objections to the undersigned's order denying the
14 appointment of counsel. In his objections, petitioner states that he requires counsel to discover
15 evidence that will support additional grounds for relief. In light of petitioner's pleadings, it is
16 now clear that he does not simply request the appointment of counsel to assist him with his
17 pending claims, but rather requests leave of court to conduct discovery and requests the court
18 appoint counsel to facilitate discovery. *See* Rule 6(a), Rules Governing § 2254 Cases.

19    Accordingly, the undersigned will vacate the prior order denying petitioner's request for
20 appointment of counsel and construe the January 11, 2013 pleading as a motion for leave of
21 court to conduct discovery with a request that counsel be appointed. Dckt. No. 15. As
22 respondent has yet to file a response to the motion to stay, respondent is now directed to also
23 address petitioner's motion to conduct discovery in its response to the motion to stay the
24 proceeding.

25 ////
26 ////

Accordingly, it is hereby ordered that:

1. The court's January 31, 2013 order denying petitioner's request for counsel is vacated;

2. Petitioner's request for reconsideration of the January 31, 2013 order is denied as moot; and

3. Respondent's deadline to file a response to petitioner's motion to stay is extended to March 29, 2013. In addition to addressing petitioner's motion to stay, the response shall also address petitioner's request to conduct discovery.

DATED: March 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE